UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
VENYAMIN K. KHAIMOV
on behalf of himself and
all other similarly situated consumers

                            Plaintiff,

      -against-


NATIONAL CREDIT SERVICES, INC. AND
ACCOUNT CONTROL TECHNOLOGY, INC.

                          Defendants.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Venyamin K. Khaimov seeks redress for the illegal practices of National Credit Services, Inc. and Account Control Technology, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant National Credit Services, Inc.'s principal place of business is located in Bothell, Washington.

5. Upon information and belief, Defendant Account Control Technology, Inc.'s principal place of business is located in Woodland Hills, California.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Venyamin K. Khaimov*

10. Account Control Technology, Inc. hired Defendant National Credit Services, Inc. to collect the debt on its behalf.

11. Account Control Technology uses the instrumentality of interstate commerce as well as the mails in its business which the principal purpose of which is the collection of debts.

12. Account Control Technology regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The principal purpose of Account Control Technology's business is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

14. Account Control Technology uses the mail in purchasing defaulted consumer debts, usually at a significant discount to their face value, and then seeks to collect on such debts.

15. Account Control Technology, directed, controlled and instructed National Credit Services to use these specific letters when communicating with the Plaintiff.[1]

16. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

17. On or about August 16, 2017, Defendant National Credit Services sent the Plaintiff a collection letter seeking to collect a balance allegedly owed to CUNY – Queensborough Community College.

18. Upon information and belief, the said August 16, 2017 letter was National Credit Services' initial communication with the Plaintiff.

19. The balance owed according to previous statements from the college, was $3,682.50.

20. The said August 16, 2017 letter however, letter misstated the actual amount of the debt by stating the "PRINCIPAL" as $6,107.95, and did not itemize the expenses or explain the amount of the debt in any way.

21. The August 16, 2017 letter did not specify that included in the "PRINCIPAL" amount was a collection fee.

22. Since the collection fee that Defendants are attempting to collect is a fee in excess of the actual debt, it must be explicitly itemized as such, yet the Defendants chose to withhold such information.

23. The August 16, 2017 letter, by unilaterally determining that $6,107.95 was the amount owed, misstated the actual amount of the debt as it did not indicate that included in the amount due, was a collection fee that the Defendants were attempting to collect.

---

[1] Janetos v. Fulton Friedman & Gullace, LLP, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *19 (7th Cir. Apr. 7, 2016). ("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself. Like the Third Circuit, we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.")

24. The Defendants necessarily had to specify separately, an amount that they intended to charge (or had already charged) as collection fees and not merely lump it together with the total amount due.[2]

25. 15 U.S.C. § 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."
>
> (2)(A) "the character, amount, or legal status of any debt[.]"

26. 15 U.S.C. § 1692f of the FDCPA states:

> "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

27. The Plaintiff was confused as to why his bill had now reached the amount of $6,107.95.

28. The only way for a consumer to ascertain as to how the total amount due had been calculated by the Defendants would be to call up the Defendants and have the Defendants clarify it accordingly, as it was with the case of the Plaintiff.

29. The debtor might logically assume that he had simply incurred the full $6,107.95 with Queensborough Community College, when this was not the case.

30. By stating that "PRINCIPAL  $6,107.95, " not only did the Defendants lump the amount together, but the Defendants led the Plaintiff to believe that amount stated in the letter was solely the amount of the tuition from the college.

31. The said August 16, 2017 letter is misleading because it gives a false impression of the character of the debt.

32. The Defendants were supposed to itemize the various charges that comprise the total

---

[2] See Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004). (failed to disclose that $388.54 debt included claim for $250 attorney collection fee), Dowdy v. Solutia Healthcare TAS, Inc., No. 1:05-0090, 2006 U.S. Dist. LEXIS 88899, 2006 WL 3545047 at *7-9 (M.D. Tenn. Dec. 7, 2006) (citing Fields and concluding that defendant's collection letter violated § 1692e when it failed to clearly reflect the addition of the collection costs to the "principal balance" owed), Richard v. Oak Tree Group, Inc., 614 F. Supp. 2d 814 (W.D. Mich. 2008). (The inclusion of unaccrued collection agency fees hidden within the stated amount of the debt violated §1692e(2)(A), (B), and § 1692f(1).)

amount of the debt.

33. Upon information and belief, it is the Defendants' pattern and practice to use false, deceptive, or misleading representations when collecting debts from debtors.

34. Upon information and belief, it is the Defendants' pattern and practice to not itemize the expenses or explain the amount of the debt in any way.[3]

35. Defendant National Credit Services' letter falsely represented the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A) and 1692e(2)(B).

36. The "PRINCIPAL" amount as stated in the collection letter was blatantly false.

37. In addition, the collection fee that was represented in the collection letter as $1,343.75, was unauthorized in violation of 15 U.S.C. § 1692f(1).

38. The collection fee was not expressly authorized by the agreement, nor permitted by law.

39. Defendants' August 16, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692f and 1692f(1) for failing to specify the amount of the collection fee, and for failing to disclose that Defendants were attempting to collect a collection fee.

40. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

41. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

42. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

---

[3] Acik v. IC System, Inc., 640 F. Supp. 2d 1019 (N.D. Ill. 2009). (The court held that the debt collector's letter would leave even a sophisticated consumer guessing as to what the "Additional Client Charges" label represented. The question under 15 U.S.C.S. § 1692e was not whether these charges were fair or proper, but whether the fees were clearly and fairly communicated so that the consumer could ascertain the fees' validity.)

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

45. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

46. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

47. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

48. The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

49. The letter fails to inform Plaintiff whether the amount listed already includes "accrued interest."

50. The letter fails to inform Plaintiff whether the amount listed will increase.

51. The letter fails to inform Plaintiff what other charges might apply.

52. The letter fails to indicate the minimum amount Plaintiff owed at the time of the letter.

53. The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

54. The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

55. The letter, because of the aforementioned failures, would render the least sophisticated

consumer unable to determine the amount of his or her debt.

56. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

57. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.[4]

58. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendants do not inform the consumer whether the amount listed will increase.

59. Defendants failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

60. The Defendants' letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

61. The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

62. Such conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

63. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

---

[4] Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), Balke v. All. One Receivables Mgmt., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017). ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.")

64. Defendants' conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

65. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

66. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

67. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

68. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

69. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

70. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

71. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

72. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

73. As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress

and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

74. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventy three (73) as if set forth fully in this cause of action.

75. This cause of action is brought on behalf of Plaintiff and the members of two classes.

76. Class A consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 16, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to CUNY – Queensborough Community College; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692e(2)(B), 1692f and 1692f(1) for failing to specify the amount of the collection fee, and for failing to disclose that Defendants were attempting to collect a collection fee.

77. Class B consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about August 16, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to CUNY – Queensborough Community College; and (b) the collection letter was returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or

deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

78. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

79. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

80. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

81. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

82. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

83. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
August 16, 2018

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

**NCS NATIONAL CREDIT SERVICES**

National Credit Services, Inc.
2525 220th St SE
#200
Bothell, WA 98021

August 16, 2017
Creditor: CUNY - QUEENSBOROUGH COM COL W/CC

| PRINCIPAL | INTEREST | Other Fees |
|---|---|---|
| $6,107.95 | $0.00 | $0.00 |
| Collection Fee | AMOUNT RECEIVED | TOTAL DUE |
| $1,343.75 | $0.00 | $7,451.70 |

### * * * Offer of Assistance * * *

This letter is to notify you CUNY - QUEENSBOROUGH COM COL W/CC has referred your account to Account Control Technology, Inc., (ACT) for collection of your defaulted debt. ACT has authorized National Credit Services, Inc. (NCS), as a subcontractor, to act on their behalf to assist in the resolution of your account. At this time, CUNY - QUEENSBOROUGH COM COL W/CC has indicated your entire balance as indicated above is due and payable. We do recognize that many individuals may not be in the position to pay the full balance in one payment. Therefore, NCS is committed to providing assistance to you in determining the best resolution to your obligation. Our staff is trained to discuss all available options for repayment of your debt. Please telephone one of our representatives for assistance at this toll free telephone number: **(800) 445-9149**.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**THIS HAS BEEN SENT TO YOU BY A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

SEE THE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION.

You may also pay online at **www.actezpay.com**

**CORRESPONDENCE SHOULD BE SENT TO NATIONAL CREDIT SERVICES, PO BOX 580, BOTHELL, WA 98041-0580**

---

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

DEPT 544   7984590817086
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

VENYAMIN-KHAI KHAIMOV

### ACCOUNT IDENTIFICATION

Account #: 67
Creditor: CUNY - QUEENSBOROUGH COM COL W/CC

Principal: $6,107.95
Interest: $0.00
Other Fees: $0.00
Collection Fee: $1,343.75
Amount Received: $0.00

PLEASE SEND PAYMENTS ONLY TO:

ACCOUNT CONTROL TECHNOLOGY, INC.
PO BOX 9025
RENTON WA 98057

NTC1 - QCCTU2C
ATZDN01-0816-910203399-00955-955

ONE OF THE NOTICES BELOW MAY APPLY TO YOU. PLEASE REVIEW THE FOLLOWING INFORMATION.

**NOTICE FOR NEW YORK STATE RESIDENTS**

Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 USC §1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

  i)   The use or threat of violence;
  ii)  The use of obscene or profane language; and
  iii) Repeated phone calls made with the intent to annoy, abuse, or harass.

"If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days."

"We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice:

Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.

Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again.

If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization."

**NOTICE FOR NEW YORK CITY RESIDENTS**

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS COLLECTION AGENCY LICENSE NUMBER IS 1304193. Contact Michelle Cruz (425) 202-6537.

NORMAL BUSINESS HOURS FOR NATIONAL CREDIT SERVICES, INC. ARE 8:00A.M TO 5:00P.M. LOCAL TIME MONDAY THROUGH FRIDAY.

As of the date of this letter, you owe the amount stated on the reverse side of this letter. Because your credit agreement may require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of recovery, which vary from day to day, as you agreed in your credit agreement, the amount required to pay your account in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after we receive your payment. In that event, we will notify you of any adjustment in your balance. We encourage you to call prior to making a payment intended to pay your account in full.

## NOTE CHANGES ONLY

| FIRST NAME: | | |
|---|---|---|
| LAST NAME: | | |
| ADDRESS LINE 1: | | |
| ADDRESS LINE 2: | | |
| CITY: | STATE: | ZIP: |
| HOME PHONE: | | |
| WORK PHONE: | | |

NTC1 - QCCTU2C
ATZDN01-0816-910203399-00955-955